[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-15405
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 19, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00182-CR-T-27-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN RAMON BATAZ MARTINEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 19, 2009)**

Before BIRCH, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Juan Ramon Bataz Martinez ("Bataz") appeals his 135-month sentence,

imposed after he pleaded guilty to possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a) & (g) and 21 U.S.C. § 960(b)(1)(B)(ii); and conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a), (g), & (j) and 21 U.S.C. § 960(b)(1)(B)(ii). Bataz and his two codefendants were seized by the United States Coast Guard after their go-fast boat carrying 4,536 kilograms of cocaine capsized. On appeal, Bataz argues that the district court (1) clearly erred by denying him either a minor- or minimal-role reduction under U.S.S.G. § 3B1.2, and (2) committed plain error under United States v. Booker, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), by sentencing him under a mandatory guideline system.

Upon a thorough review of the record on appeal, including the transcripts of Bataz's change-of-plea and sentencing hearings, and after consideration of the briefs of the parties to this Court, we find no reversible error.

## I.

Bataz first argues that the district court erred by denying him a minor- or minimal-role reduction under § 3B1.2 based on his limited role in the offense.

2

Bataz contends that he was a minimal participant because he was simply a crew member aboard the go-fast boat, had no ownership interest in the drugs, and was paid little compensation in comparison to the "substantial" value and quantity of the drugs. Bataz asserts that there were more participants than just the crew of the go-fast boat and the second boat from which the approximately 10,000 pounds of cocaine was off-loaded, and that he "was merely a pawn in the transport of the drugs and should have been granted a role adjustment as a minimal participant or at least a minor participant."

A sentencing court's determination of a defendant's role in an offense constitutes a factual finding that is reviewed for clear error. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). The defendant bears the burden of proving by a preponderance of the evidence that he is entitled to a role reduction. Id. at 939.

The Sentencing Guidelines provide for a four-level reduction for a defendant who acts as a minimal participant, a two-level reduction for a minor participant, and a three-level reduction for cases falling in between the minor and minimal level. See U.S.S.G. § 3B1.2. A minimal participant is a defendant who is "plainly among the least culpable of those involved in the conduct of the group," U.S.S.G. § 3B1.2, cmt. n.4, while a minor participant means any participant "who is less

culpable than most other participants, but whose role could not be described as minimal," U.S.S.G. § 3B1.2, cmt. n.5. Moreover, when a defendant is convicted under 21 U.S.C. § 960(b)(1) and is entitled to a mitigating-role adjustment under U.S.S.G. § 3B1.2, the base offense level may not be set higher than level 30. U.S.S.G. § 2D1.1(a)(3).

To determine whether a defendant is entitled to a mitigating-role reduction, the district court first must measure the defendant's role in the offense against the relevant conduct for which he has been held accountable. De Varon, 175 F.3d at 940. In cases where the defendant is a drug courier, relevant factual considerations include, but are not limited to: (1) the amount of drugs involved; (2) the fair market value of the drugs involved; (3) the amount of compensation received by the courier; (4) the courier's equity interest in the drugs, if any; (5) the courier's role in planning the scheme; and (6) the courier's role, or intended role, in the distribution of the drugs. Id. at 945. Additionally, the court may compare the defendant's culpability to that of other participants in the relevant conduct. Id. at 944. The district court may consider other participants in the offense, but "only to the extent that they are identifiable or discernable from the evidence." Id. "The conduct of participants in any larger criminal conspiracy is irrelevant." Id.

4

In this case, Bataz was one of three crewmembers on a boat that was transporting 4,536 kilograms of cocaine. Because of the large amounts of drugs involved, and because Bataz failed to demonstrate that he was less culpable than most of the other participants in the offense, the district court did not clearly err in finding that Bataz was not entitled to a mitigating-role reduction under § 3B1.2.

## II.

Bataz also contends for the first time on appeal that he is entitled to a remand for resentencing under the Supreme Court's recent decision in Booker. Bataz asserts that Booker rendered the guidelines advisory only and allows courts to consider other factors in 18 U.S.C. § 3553(a) that previously were not permitted. Bataz asserts that "[b]ecause the sentencing guidelines are not mandatory[,] . . . Appellant can now present other factors and the court can consider other factors in addition to the sentencing guidelines."

Because Bataz never raised a constitutional challenge below to his sentence, we review for plain error only. See United States v. Camacho-Ibarquen, 410 F.3d 1307, 1315 (11th Cir. 2005). "An appellate court may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only

5

if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotations omitted).

In Booker, the Supreme Court held that the mandatory nature of the federal guidelines rendered them incompatible with the Sixth Amendment's guarantee of a right to a jury trial. Booker, 543 U.S. at ___, 125 S.Ct. at 749-51. The Court ruled that sentencing courts nevertheless must consider the factors set forth in 18 U.S.C. § 3553(a) when imposing sentences. Id. at ___, 125 S.Ct. at 765. Section 3553(a) provides that district courts imposing a sentence must consider, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence, protection of the public, the pertinent Sentencing Commission policy statements, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a).

We have held that plain error exists where a district court imposes a sentence under the formerly binding, mandatory guidelines. United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005). However, we have also held that, in order to prove that a Booker error affected his substantial rights under the third prong of plain-error review, a defendant must demonstrate "a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge in this case." United States v. Rodriguez, 398 F.3d

6

1291, 1301 (11th Cir.), cert. denied, 125 S.Ct. 2935 (2005). Where "[t]he record provides no reason to believe any result is more likely than the other," a defendant cannot prevail under plain-error review. Id.

Bataz does not point to anything in the record that would satisfy his burden of showing a reasonable probability that he would have received a lesser sentence had he been sentenced under advisory guidelines. While the district court did state that it was unfortunate that he would have to be separated from his children for so long, it did not tie that statement in any way to the mandatory nature of the Guidelines or suggest that the separation from the children would be grounds for reducing the sentence. Because Bataz has failed to demonstrate a reasonable probability of a lesser sentence under an advisory guideline system, the district court did not commit reversible plain error under Booker in this case.

For each of the foregoing reasons, the judgment of the district court is

**AFFIRMED.**[1]

---

[1] Bataz's request for oral argument is denied.

7